FILED
United States Court of Appeals
Tenth Circuit

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

**September 10, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

_____

GARRY WAYNE WILSON,

    Petitioner - Appellant,

v.

CARRIE BRIDGES, Warden,

    Respondent - Appellee.

No. 24-5041
(D.C. No. 4:21-CV-00445-JFH-SH)
(N.D. Okla.)

_____

### ORDER DENYING CERTIFICATE OF APPEALABILITY[*]
_____

Before **PHILLIPS**, **BALDOCK**, and **FEDERICO**, Circuit Judges.
_____

Garry Wayne Wilson, proceeding pro se,[1] seeks a certificate of appealability

(COA) to appeal from the district court's denial of his 28 U.S.C. § 2254 petition.

*See* 28 U.S.C. § 2253(c)(1)(A).  We deny a COA and dismiss this matter.

### I.  Background

In 2017, a Tulsa County jury found Mr. Wilson guilty of first-degree murder and

possession of a firearm while on probation.  He was sentenced to life in prison on the

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Mr. Wilson appears pro se, we liberally construe his filings.  *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).  But we do not make arguments for pro se litigants or otherwise advocate on their behalf.  *Id.*

murder conviction, and 10 years in prison on the firearm conviction. The Oklahoma Court of Criminal Appeals ("OCCA") affirmed on direct appeal.

Mr. Wilson later filed an application for post-conviction relief in Tulsa County District Court, claiming the court did not have jurisdiction to prosecute his case because the Major Crimes Act, 18 U.S.C. § 1153, confers exclusive jurisdiction on the federal government to prosecute such offenses occurring within Indian country. Mr. Wilson contended he and the victim were Indians (specifically, members of the Cherokee Nation) and the crime occurred in Indian country. The Tulsa County District Court denied the claim. Among other things, it found that Mr. Wilson had not established he is an Indian under the two-part test set forth in *United States. v. Prentiss*, 273 F.3d 1277, 1280 (10th Cir. 2001), and that the victim identified as Black and not Indian. The OCCA affirmed, and Mr. Wilson filed a petition for writ of certiorari in the Supreme Court.

During the pendency of Mr. Wilson's petition, the Supreme Court decided *McGirt v. Oklahoma*, 591 U.S. 894 (2020), in which the Court determined that the Muscogee (Creek) Reservation, which covers a significant portion of eastern Oklahoma, had never been disestablished and constitutes Indian country for purposes of the Major Crimes Act. *Id.* at 913. Thus, the State of Oklahoma lacks jurisdiction to prosecute American Indians for crimes occurring within the boundaries of the reservation. *Id.* at 932, 934. In light of *McGirt*, the Supreme Court granted Mr. Wilson's petition for certiorari and remanded his case to the OCCA for further consideration.

In March 2021, the OCCA held that Congress had not disestablished the Cherokee Reservation, thus extending *McGirt*'s holding to members of the Cherokee Nation.

*See Hogner v. State*, 500 P.3d 629, 635 (Okla. Ct. Crim. App. 2021), *overruled on other grounds by Deo v. Parish*, 541 P.3d 833, 838 n.7 (Okla. Ct. Crim. App. 2023).  Soon after *Hogner*, Mr. Wilson filed an "Application for Writ of Mandamus" in the Tulsa County District Court.  R. vol. 1 at 350.  The court construed it as another application for post-conviction relief, and denied it based on its finding that Mr. Wilson did not qualify as an Indian under *Prentiss*, 273 F.3d at 1280.  The OCCA affirmed the decision on the alternative ground that under *State ex rel. Matloff v. Wallace*, 497 P.3d 686, 689 (Okla. Ct. Crim. App. 2021), *McGirt* and post-*McGirt* decisions do not apply retroactively to void a conviction that was final when *McGirt* was decided.

Mr. Wilson then filed a § 2254 petition in federal district court.  He asserted two claims:  (1) the Tulsa County District Court lacked jurisdiction because of treaty provisions between the Cherokee Nation and the United States, and (2) the OCCA's application of *Wallace* was unconstitutional.

The district court denied the petition and denied a COA.  Construing Mr. Wilson's first claim as one arising under *McGirt*, the district court held that he had produced no evidence to rebut the state court's finding that he was not an Indian.  It also denied the second claim.  Mr. Wilson then filed a motion under Fed. R. Civ. P. 59(e), arguing the district court had misconstrued his claim as a *McGirt* claim when it was actually a treaty-based claim.  In ruling on the motion, the district court acknowledged that it had misconstrued the nature of the claim, but then denied the treaty-based claim.  Mr. Wilson then filed a notice of appeal.

## II.  Discussion

Mr. Wilson filed an opening brief challenging certain aspects of the district court's orders, but he did not file an application for a COA.  In such cases, we construe the notice of appeal as a request for a COA, *Frost v. Pryor*, 749 F.3d 1212, 1222 n.6 (10th Cir. 2014), limited to the issues raised in the opening brief, *see Tran v. Trustees of State Colls. in Colo.*, 355 F.3d 1263, 1266 (10th Cir. 2004) ("Issues not raised in the opening brief are deemed abandoned or waived." (internal quotation marks omitted)).

To receive a COA, Mr. Wilson must make "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), and must show "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).  We conclude that Mr. Wilson has not made this showing.

Mr. Wilson argues the district court erred in denying his claim that he is a member of the Cherokee Nation whose treaty with the United States provides only for federal or tribal criminal jurisdiction.[2]  But the state court found that neither Mr. Wilson nor his victim were Indians, and the district court, in turn, found that Mr. Wilson presented no evidence to rebut the state court's factual findings.  *See* 28 U.S.C. § 2254(e)(1) ("a

---

[2] As noted above, the district court initially construed Mr. Wilson's first claim as one arising under *McGirt* and the Major Crimes Act.  Mr. Wilson's appeal brief, however, omits any mention of that characterization of his claim.  Any such claim is therefore waived.  *See Tran*, 355 F.3d at 1266.

determination of a factual issue made by a State court shall be presumed to be correct [and the] applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence"). Mr. Wilson asserts that he is a "Freedman member of the [the] Cherokee Nation," COA Appl. at 3, but he does not specifically challenge the district court's conclusion that he failed to rebut the state court's findings. The Supreme Court has held that "States have jurisdiction to prosecute crimes committed by non-Indians against non-Indians in Indian country." *Oklahoma v. Castro-Huerta*, 597 U.S. 629, 637-38 (2022). Accordingly, no reasonable jurist would debate that the State of Oklahoma had jurisdiction over Mr. Wilson's murder case.

Mr. Wilson's second claim is that the OCCA denied him due process by applying *Wallace*, 497 P.3d 686, to bar him from pursuing his claims on appeal. This claim fails for the reasons identified by the district court. First, because this claim "focuses only on the State's post-conviction remedy and not the judgment which provides the basis for his incarceration, it states no cognizable federal habeas claim." *Sellers v. Ward*, 135 F.3d 1333, 1339 (10th Cir. 1998). Second, the district court concluded that "the OCCA's application of *Wallace* . . . became irrelevant when this Court exercised its discretion to bypass any procedural bars that might preclude habeas relief and to instead reject Wilson's habeas claim on the merits." R. vol. 1 at 1090. No reasonable jurist would debate this reasoning.

5

### III.  Conclusion

We deny the request for a COA and dismiss this matter.

Entered for the Court


Gregory A. Phillips
Circuit Judge